Whenever you're ready. Your Honours, may it please the Court, I'm Andrew Knapp. I represent the petitioner, Victor Enrique Moran. I'm representing him pro bono. Your Honours, the most striking thing about the government's position is that nowhere does the respondent dispute my client's two central claims. First, the respondent does not dispute that the IJ never advised my client of his eligibility to avoid a removal order by applying for pre-conclusion voluntary departure. Second, the respondent does not dispute that the removability finding below was not supported by substantial evidence. What is the prejudice to your client from the failure to inform of pre-hearing voluntary departure where, regardless of any technical deficiency, it's apparent that your client was in fact convicted of a cocaine offense? Yes, Your Honours, the government makes a lot of the theory that my client could not have benefited from pre-conclusion voluntary departure because his controlled substance offense renders him permanently inadmissible to return to the United States. But what the respondent neglects to consider is that my client's conviction was sustained before July 14th of 2011. He was initially granted pretrial diversion and thereafter he was put on Prop 36 ameliorative relief. So upon the completion of his probation, he's eligible to seek an expungement of that conviction. But we have a long series of cases, the names of which escape me at the moment, that say that expungement for state law purposes does nothing to the immigration consequences of the conviction. That's true, but this court carved out an exception in Nunez-Reyes in Bonk because of the fact that Lujan Armendariz had been the law of the circuit for so many years and so many criminal defendants had pled in reliance on their ability to eliminate the immigration consequences of their convictions by obtaining an expungement. And while I do realize that this court has case law that talks about the non-equivalence of a California expungement where there has been a probation violation, all of those cases, Strada, Beholder, were decided in the context of examining the Federal First Offender Act's main provision for adult offenders and not the juvenile offender provisions which provide that when individuals are convicted for a first-time simple possession offense, under the age of 21, then upon completion of probation, whether or not the probation has been violated in the interim, they're entitled not just to have the conviction dismissed but to have the entire criminal record expunged. So because my client had the good fortune of having barely just turned 18 when he was arrested for this offense, he would not only qualify to have his conviction dismissed under California state law, but that dismissal would put him in the exact same position as a juvenile offender who got Federal First Offender Act relief. Has your client attempted to get his conviction expunged? My client will get his conviction expunged as soon as he finishes paying off the fees that he owes the court. He was supposed to have reported to his probation officer within 24 hours of his release, but he was in immigration detention for over two years. After I finally got him out on bond, he immediately did report. He registered as a narcotics offender, and then he began a payment plan. So once he completes those payments, then he will seek the court to expunge his conviction. But in addition to the fact that pre-conclusion voluntary departure could in fact benefit him, I'm sure this court hears on a daily basis many collateral challenges to underlying removal orders when individuals return and they're being prosecuted for unlawful reentry. And in many of those cases, there's a finding that there was a violation of due process in the underlying immigration proceedings that prevents the deportation from serving as a predicate for a conviction. So it just seems to me that it would make much more sense, rather than having to get to that point, when somebody does avail themselves of their administrative and judicial remedies, to hold the Board of Immigration Appeals to its own case law and to its own interpretation of its regulations that this court owes heightened deference to. And the board has consistently interpreted liberally the trade-offs required for a grant of pre-conclusion voluntary departure. So I'm not clear on why your client was held in immigration detention for two years. After the Immigration Act of 1996, it became a ground for mandatory detention to be removable for conviction of a controlled substance offense. So it wasn't until this court had granted a stay of removal and after six months of prolonged detention that under Cases Castrejon, I was able to seek for my client released on a bond of $7,500. So he was detained for two years, and that has made it extremely difficult for him to complete his probation term has expired, but to satisfy all the conditions of his probation by having his conviction expunged. Now, as to the voluntary departure issue, I sincerely thought... Victor did not raise any question of the removability findings. That's correct, and that's conceded in the brief that Victor nowhere raised any challenge to the BIA to the removability. So why don't we lack jurisdiction to consider that argument? We don't lack jurisdiction because of Paris Mejia v. Holder. In Paris Mejia v. Holder, it was a similar situation where the non-citizen was found removable for a controlled substance offense, and the non-citizen didn't challenge that finding on appeal, but yet the Board of Immigration Appeals adopted the immigration judge's decision by noting that the basis for the removability finding was that the non-citizen conceded that he was removable. And this court found that enough to excuse the exhaustion requirement because there had been an adoption of the immigration judge's decision. Enough of a decision on the merits so that the fact that he didn't argue it in his brief is fairly presented to the BIA. Well, that's true, but this court reviews final orders removal for substantial evidence, and there can't be any dispute that what we have here is a situation where the immigration judge did not take a pleading as to the charge of removability in this case. Yes, he had my client plead to the factual allocations, but he wasn't satisfied by my client's affirming that he had been convicted on such and such a date for possession of cocaine. But he moved it into the evidentiary phase of the proceedings, and he asked the government to provide competent conviction records. And the government conceded outright that it didn't have competent conviction documents because its court docket establishing the existence of the conviction and the information establishing the controlled substance at issue weren't certified. And the immigration judge told the government that he would not find removability on the basis of a rap sheet or that evidence and to bring certified copies. And it was at the multiple continued hearings that the judge lost patience and instead of getting an express waiver of the right to counsel, had my client finally plead. But what's interesting about that whole colloquy is that while in admitting the first factual allegation on the NTA, the government immediately asked to orally amend that factual allegation to change the date of the conviction. And then when asked to admit if that change, if the factual allegation, if the admission was the same, my client didn't say yes. He said, well, I have my rap sheet, I can check. And so then the immigration judge. What else is on the rap sheet? What other convictions? It's the same one. It's just that because of the multiple violations of probation that it looks bad because it appears multiple times. But he has only that single, simple possession conviction. And then at the time that the immigration judge issued the removal order, the immigration judge completely forgot that he had stated that he had found removability on the basis of the conviction record. And instead stated the basis for my finding of removability is my client's admissions and concessions to the charge when he was never asked to plead to the charge. And then the Board of Immigration Appeals repeated the exact same error and stated the respondent admitted and pleaded. So if you review for substantial evidence, you can see that the decision is not supported by it. Well, it kind of folds back into my question because since there was no there was no argument made to the BIA that this was a problem, they didn't address the problem because it wasn't raised to them. They didn't address the problem, but they did adopt the immigration judge's decision and they did explain in their decision what was the basis for finding removability and they were just clearly wrong. The basis could have been at the time perhaps that the government laid a foundation for the uncertified conviction record by going over it line for line with my client. At that point, unrepresentative, they had asked him, you know, do you have overdue library books? He probably would have said yes to that as well, but that wasn't the basis for the finding in the immigration judge's decision adopted by the Board of Immigration Appeals. And under administrative review principles, this court reviews the agency's decision. You can't affirm on any other basis. That's not that's not the reason that was given by the agency. And going back to the exhaustion question, this court has flirted with the idea that a fundamental change of law can be treated as an event occurring subsequent to the briefing. And I think that that's what we have here. What statutory authority can you cite that would allow us to do that? The case law. Not my question. What statutory authority would we have to decide a question that was not exhausted at the agency level? Well, it's 1252 D1, which says to exhaust all administrative remedies as of right. And the administrative remedy as of right was to appeal the immigration judge's decision, which was done. And this court's case law has extended that to cover raising all claims, but yet at the same time excuses the failure to raise a claim where the board has adopted the decision below. Because then the then the rationale for requiring exhaustion for the agency to have the chance to correct its own mistakes goes away. Because by the BIA looking at it, by the BIA announcing the basis for movability, those exhaustion concerns were obviated. And the BIA just clearly, clearly got it wrong. Your Honor, I see I'm down to three and a half minutes, so I'd like to reserve the rest of my time for rebuttal. Thank you, Your Honor. Thank you from the government. Good morning, Jane Shoffner for the respondent. As counsel acknowledged, his client did not challenge his removability on appeal to the board. And the board did not adopt the immigration judge's finding of removability. This court has squarely held that it does not have jurisdiction to consider issues that have not been exhausted before the board. There is, however, an exception when the board chooses to address on the merits an issue that the alien has failed to exhaust. That didn't happen here. The board simply in recounting the procedural history of the case noted that the alien admitted the factual allegations in the NTA. The board repeated the mistake that the IJ made in saying that the alien conceded the charge of removability. But the board did not adopt the decision. It simply said because they have failed to challenge this finding of removability that the only issue was whether the alien was eligible for release. If it had been challenged, what result? And was the petitioner entitled to first offender treatment? Well, we don't know what the board would have said because the arguments, including the arguments that counsel is making today. I'm sorry. But is it usually due in that situation? If Mr. Moran succeeds in having his conviction expunged after he pays his fee and whatnot, he can then file a motion to reopen with the board, presenting the new evidence that was previously unavailable. He can make those arguments to the board then. But we're simply not there yet. In view of that possibility in the future, is this a case that would benefit from the mediation process? It would not benefit from mediation at this time. We've reviewed the record. Mr. Moran is currently a priority for removal. If he does succeed, at this point his arguments are entirely speculative. We don't know whether he will succeed in having his conviction expunged. Because of the probation violations or otherwise? Because of the probation violations, when the funds will become available, whether he will in fact pursue this, we just don't know. But the record as it stands now supports his removal. He didn't challenge his removability. Was there sufficient evidence in the record to establish, as the IJA found, and it seems to me the BIA adopted, that he had been convicted of the cocaine possession charge? Yes, and I'd like to take an opportunity to clarify the timeline a little bit. The immigration judge held a master calendar hearing in August of 2010. In August of 2010, DHS submitted Mr. Moran's rap sheet, a printout from the California Department of Justice that was certified by the Keeper of Records. The immigration judge was dissatisfied with that printout from the California Department of Justice and asked DHS to provide certified copies of the criminal proceedings. The immigration judge did not take any pleadings at that August 2010 hearing. In October of 2010, some two months later, when Mr. Moran still had not obtained counsel, despite numerous continuances to do so, the immigration judge then took pleadings. And when the immigration judge took those pleadings, the immigration judge asked Mr. Moran whether it was true in July 2008 he was convicted for possession of cocaine base in violation of Section 11350 of the California Health and Safety Code. Mr. Moran said yes. The government then wanted to change the date of the conviction, and as counsel noted, when the immigration judge asked whether the date change was correct, Mr. Moran said, I have my rap sheet, let me check. And at that point, the immigration judge then asked the government if they had additional evidence, and at that point the government produced the minute order and the felony complaint. And Mr. Moran, the immigration judge asked Mr. Moran whether those documents related to him, whether the information in those documents was correct, whether they accurately reflected the proceedings, including his multiple probation violations before even being placed in proceedings. And all of that testimony occurs between pages 86 and 91 of the administrative record. Counsel cites Perez Mejia in support of his position, but actually Perez Mejia supports the government's position in this case, as well as Pagayan, a case following Perez Mejia involving a pro se alien. In those two cases, this court held that the alien's admissions to the factual allegations are sufficient to meet the government's burden of proof. The government is not then required to produce anything else. In both cases, Pagayan in particular, after the alien admitted to factual allegations, the judge then made a detour into the conviction records, and the court said that didn't mean that the court was somehow leaving the pleading stage and moving to the evidentiary stage, particularly in this case where the only question was the date of the conviction, which isn't a material discrepancy. There's no question that he was convicted of possession of cocaine base. So if we were to say that the BIA's reasoning was deficient, or the IJ's reasoning was deficient, and remanded it, basically what you're saying is it's kind of a pointless remand because the evidence is in the record and it ultimately doesn't help. That's correct, and a lot of the arguments we're hearing now about the evidence is that this minute order and the felony complaint were not certified, and you could send the case back in order to have stamps placed on those documents, but the result would be the same. And counsel also says that matter of Velazquez was a sea change in the law. Matter of Velazquez was a board decision rendered after these proceedings were completed that talks about the requirement that documents be authenticated. Again, this is an argument that was never exhausted. Mr. Moran never challenged the authenticity of the documents. In fact, when the immigration judge asked if he had any objections, he said no. That is on, I believe, page 90 of the record. And moreover, matter of Velazquez does not constitute a change of law. The regulations requiring that documents be authenticated has been in place for a very long time. In fact, in matter of Velazquez, the alien objected in 2009, made the same objection counsel is making now, claiming it's a change in law. And finally, in matter of Velazquez, footnote 7 makes clear that had the alien admitted the fact of his conviction, which is exactly what happened here, DHS would have been relieved of its burden of producing any further evidence. So Velazquez is not a change of law. Petitioner could have made the arguments he's now making when this matter was before the board. He didn't, and it wouldn't have mattered because he admitted the facts of his conviction, relieving DHS of any further burden of producing evidence. The other issue relating to voluntary departure, we concede that the immigration judge did not provide Mr. Moran his advisals about the availability of pre-conclusion voluntary departure prior to taking pleadings, pursuant to matter of Cordova. But Mr. Moran has failed to show how he is prejudiced. In his opening brief, he talks about the consequences that he'll face should he decide to return to the United States illegally. And in any event, by challenging his removal here, he's shown that he, even if he had been properly advised, he would not have done what is necessary in order to grant, to receive a grant of pre-conclusion voluntary departure. As counsel acknowledged, there are tradeoffs. If you accept pre-conclusion voluntary departure, you cannot challenge your removability. If you accept pre-conclusion voluntary departure, you can't appeal. Once he reserved his right to appeal, he was ineligible for pre-conclusion voluntary departure. Now that he's challenging his removability, that renders him ineligible for pre-conclusion voluntary departure. But that whole argument assumes that he made the choice. And if he wasn't advised, then he was deprived of the opportunity to make those tradeoffs. At his final hearing, he was represented by counsel who opted to pursue post-conclusion voluntary departure. The immigration judge has a duty, but counsel also has a duty to advise their clients of the available relief, and he chose to pursue post-conclusion voluntary departure instead. In fact, when the hearing commenced, he indicated that he wanted a continuance to further investigate his client's eligibility for cancellation of removal, again, expressing his intent. In order to receive a grant of pre-conclusion voluntary departure, you have to waive any applications, and counsel wanted to continue to pursue applications for relief. That's inconsistent with any desire to pursue pre-conclusion voluntary departure. If there are no further questions, we would ask the court to dismiss the challenge to Mr. Moran's removability as unexhausted and to find no prejudice resulted from the immigration judge's failure to advise him of the availability of pre-conclusion voluntary departure. Thank you. Thank you, counsel. Mr. Knapp, you have reserved time for rebuttal. Thank you, Your Honors. Regarding the government's contention that this case is indistinguishable from the admissions made to the factual allegations in Perez Mejia and Pagayan, the government does concede that there was not a factual admission to the charge that was read to my client. Now, the government says, well, it's not a material change that the government changed the date, but it was a change. It wasn't at that point any longer the pleading stage. Then it entered into the evidentiary stage, and I think in Pagayan this court noticed that the questioning of the noncitizen by the government about the record of conviction, that at that point we're out of the pleading stage. So the fact that Victor may have said yes to the question, were you convicted on such and such a date of possession of cocaine base, once that was amended, there was no admission to the charge as amended. There was only the evidentiary phase of the removal proceedings. So that's the hook that you can use to give my client a second chance. After all, he has lived in the United States for 25 years, since the age of five months. He was a lawful permanent resident for years after he turned 16, and he has a single simple possession conviction that had he been convicted of the very same offense today would not even render him ineligible for the minimal relief of deferred action for childhood arrivals that was announced by the president in June of 2012. And as far as the claim that my client wasn't prejudiced because he brought a challenge to this court, first of all, again, under Chenery, you can only decide on the basis of the decision rendered at that time. At that time, he had not filed the petition for review to this court. This court in an unpublished criminal sentencing case, U.S. v. Cuenca, found that it's not inconsistent to both alternatively wish for pre-conclusion voluntary departure and challenge it. And the government's perverse reading of matter of CB, that by the very act of appealing from an immigration judge's failure to provide the required advisals to the BIA, that that forever renders a noncitizen ineligible for pre-conclusion voluntary departure. That can't be right. In matter of Cordova, they went out of their way to say that eligibility for relief is not lost by filing an appeal from a wrongful failure to advise as to the differences, as to the necessity of waiving appeal. And Victor, in his 20HA letter, provided no less than eight recent non-precedent BIA decisions  in the United States. And I would just conclude, Your Honor, that this court does have the ability to send the case back so that the proper advisals may be given and has the ability to find that the removal order was not supported by substantial evidence and outright vacated, or in the alternative, send it back to see if the government chooses to provide competent conviction records. Thank you, Your Honor. Thank you, Counsel. The case just argued is submitted, and we appreciate the helpful arguments from both counsel.
judges: Shea, Graber, Wardlaw